UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRIS, an individual,<br><br>                       Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SHERIFF KELLY MARTINEZ, in her individual capacity; and DOES 1 through 100,<br><br>                       Defendants. | Case No.: 3:24-cv-2117-JES-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

      Before the Court is Defendants' County of San Diego ("County"), San Diego County Sheriff's Department ("SDSD") and Sheriff Kelly Martinez' ("Sheriff Martinez") (collectively known as "Defendants") motion to dismiss the Second Amended Complaint ("SAC"). ECF No. 10 ("Motion"). The Defendants filed their motion on February 19, 2025. Plaintiff James Harris ("Plaintiff") filed an opposition ("Opp'n"), and Defendants filed a reply. ECF Nos. 11, 12. The Court heard oral argument on March 26, 2025, and took the matter under submission. ECF No. 13. For the reasons stated below, the Court **GRANTS** the motion to dismiss as to all Defendants.

## I. FACTUAL ALLEGATIONS

Plaintiff was booked into San Diego Central Jail ("SDCJ") on April 28, 2023. SAC ¶ 2. According to SDCJ medical records, Plaintiff had a normal pulse, temperature, blood oxygen level, respiratory rate, and blood pressure. SAC ¶ 2. On May 4, 2023, Plaintiff was arraigned on charges for violating a civil restraining order. SAC ¶ 3. The morning of his arraignment, Plaintiff's public defender for the hearing encouraged Plaintiff to use a wheelchair to appear for video court because Plaintiff could not walk. SAC ¶ 3. Plaintiff was wheeled to the hearing and the judge ordered that Plaintiff be released on his own recognizance. SAC ¶ 4. Plaintiff's public defender was so concerned for Plaintiff's health that he referred Plaintiff to jail medical. SAC ¶ 4. Plaintiff was never seen by jail medical and instead, was released from SDCJ on the evening of May 4, 2023. SAC ¶¶ 5-6.

A few hours after his release, and just a few blocks away from SDCJ, Plaintiff asked a security guard at an MTS station to call an ambulance. SAC ¶ 7. Plaintiff was hypothermic, with a core body temperature of 94 degrees, had a GCS of 14, was showing signs of serious cognitive impairment, his skin was pale, his lips were blue, and he was cold and clammy. SAC ¶ 9. Plaintiff was in septic shock, had a swollen right leg that was suffering from necrosis, had rapidly evolving shock, rhamdomyolsis, acute hyposemic respiratory failure, encephalopathy, and acute kidney failure. SAC ¶ 10. Plaintiff's right leg was swollen with mucous membranes up and down the shin and calf and he had no blood flow to his extremities. SAC ¶ 11. Plaintiff spent 49 days in the hospital and doctors at UCSD Hospital had to amputate Plaintiff's right leg just above the knee cap. SAC ¶ 13.

Plaintiff alleges six causes of action: (1) a violation of 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs against Sheriff Martinez and Does 1-100; (2) a violation of 42 U.S.C. § 1983 – Failure to Properly Train against Sheriff Martinez and Supervisory Does 51-100; (3) a violation of 42 U.S.C. § 1983 – Failure to Properly Supervise and Discipline against Sheriff Martinez and Supervisory Does 51-100; (4) a violation of 42 U.S.C. § 1983 – *Monell* liability against the County; (5) negligence against

all Defendants; and (6) Negligent Hiring, Retention, and Supervision against Sheriff Martinez and Supervisory Does 51-100.

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel*

*v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III.    LEGAL ANALYSIS

Defendants argue that Plaintiff fails to state a claim against Sheriff Martinez under 42 U.S.C. § 1983, that Plaintiff's *Monell* claim fails and that Plaintiff's common law claims should be dismissed. The Court will discuss each in turn.

**A. Plaintiff Fails to State a Claim against Sheriff Martinez**

Title 42 U.S.C. § 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted). Liability under section 1983 must be based on the personal involvement of the defendant. *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

A defendant may be held liable as a supervisor under section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "The inquiry into causation must be individualized to focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9rh Cir. 1988); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). "[A] plaintiff must show the supervisor breached a

duty to plaintiff which was the proximate cause of the injury. The requisite causal connection can be established … by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (internal citations omitted) (quoting *Dubner v. City & County of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001)). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (citations omitted).

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Rather, a plaintiff must establish that each individual "[g]overnment-official defendant, through the official's own individual actions, has violated the Constitution." *Id. See also Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *see also Robertson v. Sichel,* 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to section 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *See Iqbal*, 556 U.S. at 676.

Plaintiff asserts three different theories of liability under section 1983 against Sheriff Martinez: (1) deliberate indifference to a serious medical need; (2) failure to properly train; and (3) failure to properly supervise and discipline. None of the claims against Sheriff Martinez allege she was personally involved in the constitutional deprivation and Plaintiff does not argue such. The claims all relate to Sheriff Martinez' role as a supervisory official. Thus, Sheriff Martinez can only be liable under section 1983 if there is a sufficient causal

connection between her alleged wrongful conduct and the constitutional violation. The Court now addresses Plaintiff's three theories of liability alleged in the SAC.

### 1. Deliberate Indifference to a Serious Medical Need

A claim for violation of the right to adequate medical care brought by a pretrial detainee against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). To state a claim for a Fourteenth Amendment violation of the right to medical care brought by a pretrial detainee, the plaintiff must prove (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id*.

Sheriff Martinez argues that the SAC is devoid of any specificity and does not allege an affirmative link between the injury and the conduct of any specific defendant. Motion at 10. Further, Sheriff Martinez contends that the SAC is grounded in medical decision-making: "a failure to provide some unknown treatment at an unspecified point in time which could have avoided alleged constitutional harm." *Id*. at 11. Plaintiff does not directly address this argument in his opposition, but the Court notes this contention is incorrect. The SAC alleges that Plaintiff should have been seen by jail medical prior to his release from custody, not given any particular treatment. SAC ¶¶ 30, 60-64. Plaintiff's claim for deliberate indifference to a serious medical need is based on Plaintiff not receiving a medical evaluation prior to his release from custody, a denial of medical care.

Plaintiff counters that he has alleged sufficient facts to support a Fourteenth Amendment claim for denial of medical care and cites *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) to argue the elements required for such a claim. However, *Jett* dealt with an

Eighth Amendment claim for denial of medical care of a prisoner and the cited standard is inapplicable to this case, as this case involves a pretrial detainee. Eighth Amendment claims are analyzed under a subjective deliberate indifference standard while Fourteenth Amendment claims are analyzed under an objective deliberate indifference standard. *See Gordon*, 888 F.3d at 1124.

Plaintiff does not address any of the required elements for a Fourteenth Amendment claim for deliberate indifference of a serious medical need. Plaintiff's primary argument in support of a denial of medical care is that his public defender made a request for medical care during Plaintiff's arraignment. Plaintiff does not address how that statement alone supports a Fourteenth Amendment claim for deliberate indifference to a serious medical need. Accordingly, the Court **GRANTS** the motion to dismiss the deliberate indifference to a serious medical need cause of action against Sheriff Martinez.

### 2. Failure to Supervise and Discipline

Sheriff Martinez argues that Plaintiff fails to establish a sufficient causal connection between the alleged injury and Sheriff Martinez' wrongful conduct required for a failure to supervise and discipline claim. In response, Plaintiff highlights the following step by step causal connection between the string of constitutional violations alleged and the allegations made in the SAC, specifically:

(1) Failed to ensure Mr. Harris was seen and treated by jail medical staff before his release, releasing him with significant cognitive impairment and obvious injury. SAC ¶ 63.

(2) Releasing Mr. Harris without the ability to take care of himself and blatantly disregarding a request to be seen by jail medical staff prior to release. SAC ¶ 64.

(3) Failing to conduct proper search of Mr. Harris' cell to make sure he was not injured. SAC ¶ 65.

(4) Failing to adhere to their own policy of conducting cell checks every thirty minutes. SAC ¶ 66.

(5) Failing to set forth policies and procedures for proper care of inmates with serious medical needs. SAC ¶ 68.

(6) Failed to maintain adequate and proper training to prevent a systematic failure to provide medical care. SAC ¶ 84.

Opp'n at 10. Further, Plaintiff alleges that "Defendants dumped Mr. Harris on the street despite his significant cognitive impairment and obvious injury." SAC ¶ 63. This conclusory statement is only supported by paragraphs 34 and 35, in which presumably, Plaintiff was given medical treatment by medical professions at some point after his release from custody and likely at some point during his 49 days spent in the hospital. SAC ¶¶ 34-37. It is unclear.

There are no allegations that Plaintiff appeared in this manner while in custody or even that Plaintiff appeared in this manner during his arraignment in court, hours before his release from custody. In the SAC, Plaintiff mentions that while in court, his public defender referred Plaintiff to jail medical staff for evaluation because he had difficulty walking. *Id*. ¶¶ 3-4. However, Plaintiff does not allege that his public defender noticed significant cognitive impairment or an obvious injury. The only injury described in the SAC is that Plaintiff's leg was amputated, however, that occurred in the hospital. *Id*. ¶ 38. As tragic as that incident is, Plaintiff never describes any injury that occurred while in custody.

Plaintiff does not explain how any of the other purported failures relate in any way to his injury. Plaintiff fails to allege how the failure to conduct a proper cell search led to any injury by Plaintiff. Plaintiff fails to allege how the failure to conduct a cell check every thirty minutes led to his injury. Plaintiff does not describe any injuries that occurred while he was in custody, let alone inside of a cell. The SAC fails to establish a sufficient causal connection between the alleged injury and Sheriff Martinez' wrongful conduct. Accordingly, the Court **GRANTS** the motion to dismiss the failure to supervise and discipline cause of action against Sheriff Martinez.

/ / /

### 3. Failure to Properly Train

Sheriff Martinez argues that Plaintiff's failure to properly train claim against her fails as a matter of law, because she cannot be held vicariously liable for the decisions of medical staff, that section 1983 liability cannot be based on Sheriff Martinez simply being a supervisor, the plain language of the complaint negates causation and Sheriff Martinez is entitled to qualified immunity.[1] Motion at 5-8. Further, Sheriff Martinez argues that the SAC consists of a laundry list of grievances with no explanation how they relate to the alleged constitutional harm in this case. Motion at 6-7.

Plaintiff argues that his claims against Sheriff Martinez are not based in vicarious liability, he has sufficiently pled claims against Sheriff Martinez as an individual because he has sufficiently pled a pattern of constitutional violations that Sheriff Martinez disregarded, and that Plaintiff is entitled to bring claims, at the pleading phase, for multiple theories of liability. Opp'n at 8-9. Plaintiff does not address Sheriff Martinez' argument regarding how the prior examples listed in the SAC relate to the alleged constitutional harm in this case.

Inadequate training may serve as the basis for a section 1983 claim only when the failure to train amounts to deliberate indifference, meaning a conscious or deliberate choice on the part of a municipality. *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014). The same standard applies to supervisory officials sued in their individual capacity. *Id*. at 1158-59. The supervisor must have been "deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm

---

[1] Plaintiff argues that Sheriff Martinez is not entitled to qualified immunity at the pleadings stage. Opp'n at 8-9. However, Plaintiff presents no authority to support his argument. The Supreme Court has "repeatedly … stressed the importance of resolving [qualified] immunity questions at the earliest stage in litigation." *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (cleaned up). Qualified immunity confers upon officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Id*. (citing *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)). However, since Plaintiff fails to allege a cause of action against Sheriff Martinez and the Court will grant leave to amend, the Court does not conduct an analysis of qualified immunity at this time.

or deprivation of rights." *Id*. at 1159. A plaintiff must allege facts showing that a deficient training program would cause subordinates to violate constitutional rights, and the supervisor disregarded this known or obvious consequence. *Id*. "Similarly, a failure to supervise that is sufficiently inadequate may amount to deliberate indifference." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citation omitted). However, alleging mere negligence in training or supervision is insufficient. *Id*.

Acquiescence may include when a supervisor implements a deficient policy that is the "moving force" behind the constitutional violation. *Starr*, 652 F.3d at 1208. A plaintiff who alleges supervisor liability based on policy implementation must name a specific policy, custom, or event that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). General allegations without specificity are insufficient. *Id*.

The SAC alleges Sheriff Martinez failed to train employees in the following areas: proper medical care, documenting information in the Jail Information Management System ("JIMS"), continuity of care, proper cell checks, inmate safety, truthfulness in reporting, monitoring closed circuit television ("CCTV") feeds, and cell checks in PSU units to prevent suicides. SAC §§ 75-97. However, the SAC never explains how any of these purported failures to train relate in any way to this case or Plaintiff's injury. Neither does Plaintiff in his opposition briefing.

Plaintiff does not allege that an injury occurred inside of a jail cell or that Plaintiff was housed in the PSU unit. In paragraph 53 of the SAC, Plaintiff cites several cases that serve as examples of a "failure to coordinate and share critical medical information among personnel," to establish a longstanding custom of SDSD in failing to provide adequate medical care. SAC ¶ 53. However, in each of those examples, the individuals suffered an injury while in custody. In the present case, Plaintiff does not allege that he suffered an injury while in custody. Plaintiff's SAC lacks specificity of the injury suffered in custody by Plaintiff and instead uses innuendo and conclusions to justify liability on behalf of Sheriff Martinez.

Plaintiff has failed to allege a causal connection between the injury and any failure to properly train on behalf of Sheriff Martinez. Therefore, Plaintiff's theory of failure to properly train fails. Accordingly, the Court **GRANTS** the motion to dismiss the failure to properly train cause of action against Sheriff Martinez.

### B. Plaintiff Fails to State a *Monell* claim against the County

Under *Monell*, Plaintiff must prove: (1) he possessed and was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional deprivation. *Dougherty*, 654 F.3d at 900. Plaintiff can satisfy *Monell*'s policy requirement in one of three ways: (1) the County acted based on an expressly adopted official policy; (2) the County had a longstanding practice or custom; or (3) a County official with "final policy-making authority" either committed the constitutional tort or ratified a subordinate's unconstitutional conduct. *Gordon v. County of Orange*, 6 F.4th 961, 973-74 (9th Cir. 2021) (internal quotation marks and citations omitted).

Failing to adequately plead a constitutional violation against individual defendants warrants dismissal of the *Monell* claim against the County. *Cavanaugh v. County of San Diego*, 2021 WL 6103115, at *1 (9th Cir. Dec. 22, 2021) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Here, Plaintiff offers only conclusory allegations that the County maintained a de facto policy of permitting unconstitutional and lawless conduct by their employees, and an unconstitutional policy, ordinance or regulation which allowed their deputies and medical staff to deny medical care to inmates. SAC ¶¶ 113, 114. Although Plaintiff alleged constitutional violations against Sheriff Martinez and doe defendants, such claims are not adequately pled, as stated above. As discussed above, Plaintiff fails to allege a violation of his constitutional rights by any individual. Therefore, Plaintiff's *Monell* cause of action against the County is **DISMISSED**.

### C. Common Law Claims

The California Tort Claims Act ("CTCA") provides the exclusive vehicle of tort liability for government entities and employees. Cal. Gov't Code § 810, *et seq*. The CTCA

abolished common law governmental tort liability. *Becerra v. County of Santa Cruz*, 68 Cal. App. 4th 1450, 1457 (1998). All government tort liability is dependent on the existence of an authorizing stature or enactment. *Searcy v. Hemet Unified School Dist.*, 177 Cal. App. 3d 792, 798 (1986) (citing Cal. Gov't Code §§ 815(a), 815.6). "[T]o state a cause of action every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty." *Id.* at 802. "Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified." *Id.*

Under the CTCA, a public employee is generally liable for injury caused by his act or omission to the same extent as a private person. Cal. Gov't Code § 820(a). A public entity is vicariously liable for any injury caused by tortious acts or omissions of its employees within the scope of employment to the same extent as a private employer. Cal. Gov't Code §§ 815(b), 815.2(a); *California v. William S. Hart Union School Dist.*, 53 Cal. 4th 861, 868 (2012).

### 1. Negligence

Defendants argue that Plaintiff's negligence claim fails to identify a statutory or constitutional basis under which he may proceed against the County. Motion at 20. Further, Defendants argue that the SAC alludes to California Government Code ("Cal. Gov't Code") § 845.6 as a basis for direct liability against the County, but this code section does not provide for a common law claim of negligence. *Id*. Additionally, Defendants argue that Plaintiff cites to Government Code § 815.2, but that code section does not provide for the County's direct liability, but rather vicarious liability, except in instances where the individual employee is immune. *Id*. Defendants also argue that Plaintiff's negligence claim against Sheriff Martinez fails, because as a decisionmaker, she is immune under California law. Plaintiff simply argues that he has sufficiently pled facts to support his claims in the SAC.

The elements of a cause of action for negligence are: (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the

resulting injury. *See Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996). "[T]he existence of a duty is a question of law for the court." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal. 4th 814, 819 (1996).

Here, Plaintiff has not sufficiently alleged facts to support a cause of action for negligence under California law. First, Plaintiff acknowledges that the SAC fails to state a claim for negligence against Sheriff Martinez and do not oppose the dismissal of the negligence claim against her. The SAC does not allege any facts to support a negligence claim against Sheriff Martinez. Thus, the Court **GRANTS** the motion to dismiss the negligence cause of action against Sheriff Martinez without prejudice.[2]

Second, Plaintiff sues the County under both vicarious and direct theories of liability. SAC ¶¶ 145, 146. Plaintiff alleges a direct theory of liability under Cal. Gov't Code § 845.6 and a vicarious theory of liability under Cal. Gov't Code § 815.2.

Cal. Gov't Code § 845.6 does not provide a basis to bring malpractice or negligence suits against a public entity, they are different causes of action. *See Resendiz v. County of Monterey*, No. 14-CV-05495-LHK, 2015 WL 3988495, at *4 (N.D. Cal. June 30, 2015). If Plaintiff wishes to bring a negligence cause of action against the County, he must identify a statutory or constitutional basis to do so. The SAC fails to state a direct theory of liability against the County.

Cal. Gov't Code § 815.2 provides:

(a) A public entity is liable for injury proximately caused by an act of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

---

[2] Since the SAC clearly fails to properly allege a negligence cause of action against Sheriff Martinez, as Plaintiff readily admits, at this time, the Court does not conduct an analysis of any potential discretionary immunity claims pertaining to Sheriff Martinez at this time.

Cal. Gov't Code § 815.2 provides for vicarious liability for a government agency, such as the County here, not direct liability. The SAC fails to state a vicarious theory of liability against the County.

Accordingly, the Court **GRANTS** the motion to dismiss the negligence cause of action against the County.

### 2. Negligent Hiring, Retention and Supervision

Plaintiff uses conclusory statements to support this cause of action. Both parties agree that Plaintiff must allege a special relationship to support this claim. Sheriff Martinez argues that Plaintiff does not properly allege a special relationship between Sheriff Martinez and Plaintiff. Motion at 23. The Court agrees. Paragraph 152 of the SAC only alleges a general duty, nothing more. California law does not recognize a general duty of care on the part of supervisors with respect to negligent hiring, retention, or training. *William S. Hart*, 53 Cal. 4th at 877. "Absent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee, and hence no vicarious liability." *William S. Hart*, 53 Cal. 4th at 877. Plaintiff fails to allege a special relationship existed between himself and Sheriff Martinez. Accordingly, the Court **GRANTS** the motion to dismiss the negligent hiring, retention and supervision cause of action as to Sheriff Martinez in her individual capacity.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss each cause of action with leave to amend. Plaintiff has **21 days** from the date of this order to file an amended complaint to address the deficiencies noted above.

**IT IS SO ORDERED**.

Dated: August 25, 2025

Honorable James E. Simmons Jr.
United States District Judge