UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HARRIS, an individual,<br>Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; SHERIFF KELLY MARTINEZ, in her individual capacity; and DOES 1 through 100,<br>Defendants. | Case No.: 3:24-cv-2117-JES-KSC<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br>**[ECF No. 18]** |

Before the Court is Defendants' County of San Diego ("County"), San Diego County Sheriff's Department, and Sheriff Kelly Martinez ("Sheriff Martinez") (collectively, "Defendants") Motion to Dismiss the Third Amended Complaint ("Motion"). ECF No. 18 ("Motion"). Defendants filed the Motion on October 20, 2025. *Id.* Plaintiff James Harris ("Plaintiff") filed an opposition, and Defendants filed a reply. ECF No. 21, ("Opp'n"); ECF No. 23, ("Reply"). The Court heard oral argument on January 23, 2026, and took the matter

under submission. ECF No. 24. For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL ALLEGATIONS

Plaintiff was booked into San Diego Central Jail ("SDCJ") on April 28, 2023. ECF No. 15 ("TAC") ¶ 2. SDCJ medical records reflected normal vital signs at booking. *Id.* On May 4, 2023, Plaintiff was arraigned on charges of violating a civil restraining order. *Id.* ¶ 3. Because he could not walk, Plaintiff used a wheelchair to appear for the hearing, and the judge ordered him released on his own recognizance. *Id.* ¶¶ 3–4. Plaintiff's public defender was concerned enough about his health to refer him to jail medical, but Plaintiff was never seen and instead was released from SDCJ that evening. *Id.* ¶¶ 4–6.

A few hours later, and just blocks from SDCJ, Plaintiff asked a security guard at an MTS station to call an ambulance. *Id.* ¶ 7. He was hypothermic and in septic shock, with signs of serious cognitive impairment and a swollen, necrotic right leg with no blood flow to the extremities. *Id.* ¶¶ 9–11. Plaintiff also had rhabdomyolysis, acute hypoxemic respiratory failure, encephalopathy, and acute kidney failure. *Id.* ¶ 10. He spent 49 days in the hospital, where doctors at UCSD Medical Center amputated his right leg above the knee. *Id.* ¶¶ 12–13.

The TAC asserts six causes of action: (1) deliberate indifference to serious medical needs under 42 U.S.C. § 1983 against Sheriff Martinez and Does 1–100; (2) failure to train under § 1983 against Sheriff Martinez and Supervisory Does 51–100; (3) failure to supervise and discipline under § 1983 against Sheriff Martinez and Supervisory Does 51–100; (4) *Monell* liability under § 1983 against the County; (5) negligence against Does 1–20 and the County; and (6) negligent hiring, retention, and supervision against Sheriff Martinez and Supervisory Does 51–100. *Id.* ¶¶ 119-241.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all

well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun*

*Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

## III. LEGAL ANALYSIS

Defendants move to dismiss the TAC on three grounds: (1) Plaintiff fails to state a § 1983 claim against Sheriff Martinez individually; (2) the *Monell* claim against the County fails; and (3) the negligent hiring, retention, and supervision claim against Sheriff Martinez fails. The Court addresses each in turn.

### A. Plaintiff Fails to State a Claim Against Sheriff Martinez

Plaintiff does not oppose dismissal of the claims against Sheriff Martinez in her individual capacity. Opp'n at 9. He argues instead that he has adequately pled § 1983 claims against Does 1–100, the Doe Sheriff's deputies, and the Supervisory Doe Defendants. *Id.* Defendants respond that this argument is beyond the scope of their Motion, because the Motion addresses only the County and Sheriff Martinez, not the Doe Defendants. Reply at 3.

The Court agrees that the sufficiency of the claims against the Doe Defendants is not before it, and declines to address that argument. Because Plaintiff does not oppose dismissal of Claims 1–3 against Sheriff Martinez individually, the Court **GRANTS** the Motion as to those claims.

### B. Plaintiff Fails to State a *Monell* Claim Against the County

Under 42 U.S.C. § 1983, a municipality cannot be held vicariously liable for its employees' actions, but it can be held liable for injuries caused by its employees' unconstitutional actions that result from an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 694 (1978). A *Monell* claim requires Plaintiff to establish: (1) he possessed a constitutional right of which he was deprived; (2) the County had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional deprivation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

The TAC alleges that the County maintained an unconstitutional practice or custom of denying medical care to inmates and failed to properly train, supervise, and discipline its deputies. TAC ¶¶ 188, 190–91. Defendants argue that Plaintiff has not sufficiently alleged such a policy or that any policy was the moving force behind his injuries. Mot. at 19. As explained below, Plaintiff fails to establish the required elements of a *Monell* claim, and the Court **GRANTS** the Motion as to that claim.

**1. Plaintiff Establishes a Constitutional Right but Fails to Allege a Violation**

The TAC does not allege a specific constitutional violation. Mot. at 7; *see generally* TAC. In the opposition, Plaintiff argues that he has adequately pled a violation of the Fourteenth Amendment. Opp'n at 10. The Court agrees that Plaintiff has established the existence of a constitutional right—the Fourteenth Amendment right at issue—but has not sufficiently alleged a violation of that right.

Pretrial detainees have a Fourteenth Amendment right not to have officials remain deliberately indifferent to their serious medical needs. *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002). The Ninth Circuit applies an objective deliberate-indifference standard to such claims, requiring a plaintiff to show that:

> [T]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; those conditions put the plaintiff at substantial risk of suffering serious harm; the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (cleaned up).

Defendants argue the TAC lacks specific facts showing that Plaintiff was denied medical care. Mot. at 22. Plaintiff responds that he has alleged sufficient facts to support a Fourteenth Amendment claim, citing *Greer v. County of San Diego*, No.: 3:19-cv-0378-GPC-AGS, 2019 WL 5453955 (S.D. Cal. Oct. 24, 2019), which he contends addresses "many of the same constitutional violations outlined by Mr. Harris." Opp'n at 13.

In *Greer*, the plaintiff asked jail staff for a lower bunk after reporting a prior seizure-related fall, was nonetheless assigned a top bunk, fell and hit his head during a seizure, and could not get help because the intercom his cellmates used to alert staff was broken. *Id.* at *1.

This case, however, is factually distinguishable from *Greer*. Reply at 5. Unlike the plaintiff in *Greer*, Plaintiff does not allege that he notified jail staff of an existing medical condition upon his initial entry into SDCJ, nor does he allege he requested any concern about his cell/bunk assignment to jail staff prior to suffering any injuries. *See generally* TAC. Additionally, Plaintiff does not allege that his any malfunction while in his cell caused a cell's intercom malfunctioned or that any malfunction caused a failure to communicate his medical needs.

Plaintiff does not address any of the elements required to show deliberate indifference under the Fourteenth Amendment. His central argument—that his public defender requested medical care for him at arraignment—does not, standing alone, establish deliberate indifference to a serious medical need. Accordingly, Plaintiff has not adequately alleged a constitutional violation.

**2. Plaintiff Fails to Establish the Existence of a Policy**

Having established a constitutional right but not a violation, Plaintiff must also show that the County maintained a policy that contributed to the alleged violation. He may do so by showing: (1) the County acted pursuant to an expressly adopted policy; (2) the County had a longstanding practice or custom; or (3) a County official with final policymaking authority committed or ratified the unconstitutional conduct. *Gordon v. County of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021). A longstanding practice or custom must be so persistent and widespread that it constitutes a permanent and well-settled practice. *Monell*, 436 U.S. at 691.

Defendants argue that Plaintiff's allegation of a *de facto* "policy of permitting unconstitutional and lawless conduct" is conclusory and does not show that any practice was of sufficient duration, frequency, and consistency to become a traditional method of

carrying out policy. Mot. at 19–21 (citing *Harper v. County of Merced*, No. 1:18-cv-00562-LJO-SKO, 2018 WL 5880786, at *6 (E.D. Cal. Nov. 8, 2018)). Plaintiff responds that he has alleged several policies—including disbelief of medical complaints, improper screening, poor communication between medical staff and deputies, and inadequate welfare and cell checks—supported by incidents spanning 2008 to 2018 involving suicides, drug overdoses, an asthma attack, and water intoxication. Opp'n at 10–12.

None of these incidents, however, are factually analogous to this case. Reply at 5. Plaintiff has not alleged that the practices he identifies were of "sufficient duration, frequency, and consistency" to become a traditional method of carrying out policy, as *Monell* requires. *Harper*, 2018 WL 5880786, at *6; *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). A plaintiff must plead "specific facts giving rise to a plausible *Monell* claim," not "formulaic recitations of the existence of unlawful policies, customs, or habits." *Warner v. County of San Diego*, No. 10cv1057 BTM (BLM), 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011). Because Plaintiff has not done so, he fails to satisfy *Monell*'s policy requirement.

**3. Any Policy Would Not Amount to Deliberate Indifference**

Even assuming a policy existed, Plaintiff has not shown that it amounted to deliberate indifference. That showing requires evidence that the policy's deficiencies were obvious and that constitutional injury was likely to occur, *Guy v. Lorenzen*, 547 F. Supp. 3d 927, 946 (S.D. Cal. 2021); *Koistra v. County of San Diego*, No. 16cv2539-GPC (AGS), 2017 WL 6344819, at *4 (S.D. Cal. Dec. 12, 2017). It also requires evidence that the County had actual or constructive notice that a training gap was causing constitutional violations. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff alleges only that the County was "deliberately indifferent to the widespread unconstitutional acts by its staff," and argues that the County had actual or constructive

knowledge of inmates' need for serious medical attention, without pointing to anything beyond the unrelated past incidents discussed above. TAC ¶ 202; *see also id.* ¶¶ 204–05; Opp'n at 13. "Merely identifying the lack of a policy in a certain area, on its own, is not enough to show deliberate indifference, and neither is simply invoking deliberate indifference in a conclusory manner." *Guy*, 547 F. Supp. 3d at 948. Because Plaintiff has not alleged facts showing that the County was on notice of any policy deficiency or that such a deficiency was likely to cause a constitutional violation, he fails to establish the third *Monell* element.

**4. A Policy Was not the Moving Force Behind Plaintiff's Injuries**

Finally, Plaintiff must also show that any policy was the moving force behind his injuries—a direct causal link between the County's culpable action and the deprivation of his constitutional rights. *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997); *Lopez v. County of Los Angeles*, No. CV 15-01745 MMM (MANx), 2015 WL 3913263, at *7 (C.D. Cal. June 25, 2015) (*Monell* allegations must "identify the challenged policy … explain why it is deficient, and state how it harmed plaintiff" (quoting *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1150–51 (E.D. Cal. 2009))).

Defendants argue that Plaintiff has not identified any specific policy, let alone one that was the moving force behind the alleged violation. Mot. at 7. Plaintiff responds only that "long-standing county practices were the driving force behind this violation," Opp'n at 13, without identifying supporting TAC allegations beyond similarly conclusory statements, *see* TAC ¶¶ 207–11. Because the TAC does not allege the requisite culpability or a direct causal link between any policy and his injuries, he fails to establish that a policy was the moving force behind them.

**5. Plaintiff Fails to State a *Monell* Claim,**

Plaintiff has established the existence of a constitutional right but has not shown a violation of that right, a County policy, that any policy amounted to deliberate indifference, or that any policy was the moving force behind his injuries. Because he fails to plead any of the four required elements, his *Monell* claim fails.

Plaintiff has had four opportunities to cure these deficiencies, and the same deficiencies persist despite the Court's liberal amendment practice. Further amendment would be futile. *See supra* PartII.B. The Court **GRANTS** the Motion to dismiss the *Monell* claim, with prejudice.

### C. Common Law Tort Claims

The California Tort Claims Act ("CTCA") is the exclusive vehicle for tort liability against government entities and employees and has abolished common law governmental tort liability. Cal. Gov't Code § 810 *et seq.*; *Becerra v. County of Santa Cruz*, 68 Cal. App. 4th 1450, 1457 (1998). Government tort liability depends entirely on an authorizing statute or enactment, which must be pleaded with particularity, including the statute or enactment claimed to create the duty. *Searcy v. Hemet Unified School Dist.*, 177 Cal. App. 3d 792, 798, 802 (1986) (citing Cal. Gov't Code §§ 815(a), 815.6).

Under the CTCA, a public employee is liable for injury caused by his act or omission to the same extent as a private person, Cal. Gov't Code § 820(a), and a public entity is vicariously liable for its employees' tortious acts within the scope of employment to the same extent as a private employer, Cal. Gov't Code §§ 815(b), 815.2(a); *California v. William S. Hart Union School Dist.*, 53 Cal. 4th 861, 868 (2012).

#### 1. Negligent Hiring, Retention, and Supervision

Both parties agree that this claim requires Plaintiff to allege a special relationship between Sheriff Martinez and Plaintiff. Mot. at 22; Opp'n at 13-14. Sheriff Martinez argues that Plaintiff has not adequately alleged a special relationship. Mot. at 22. Plaintiff argues that Sheriff Martinez' role as the head of jail administration creates a special relationship to those detained within San Diego Sheriff custody. Opp'n at 14. The Court agrees.

"Absent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee, and hence no vicarious liability." *California v. William S. Hart Union School Dist.*, 53 Cal. 4th 861, 877 (2012). "[T]here is a special relationship between jailer and prisoner which imposes a duty of care on the jailer to the prisoner." *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th

231, 252-53 (2008). The TAC alleges that "[w]hile a pretrial detainee, [Plaintiff] was in the custody and control of the Sheriff's Department, and was therefore in the custody and control of Defendant Martinez and Doe Supervisory Defendants." TAC ¶ 233. Additionally, the TAC alleges that Plaintiff was "completely dependent on Central Jail staff and administration for food, shelter, and housing." *Id.* ¶ 234. Further, the TAC alleges that he was "reliant on [Sheriff] Martinez … to properly hire, retain, and supervise deputies charged with [his] care." *Id.* ¶ 235.

Sheriff Martinez argues Plaintiff fails to allege a special relationship and cites several cases: *Fuentes v. City of San Diego*, No. 3:16-cv-02871-BEN-JMA, 2017 WL 2670976 (S.D. Cal. June 20, 2017); *Kendrick v. County of San Diego*, No.: 15cv2615-GPC(AGS), 2018 WL 1316618 (S.D. Cal. Mar. 14, 2018); and *Willis v. City of Sacramento*, No. 2:13-cv-01671-MCE-EFB, 2014 WL 1027070 (E.D. Cal. Mar. 14, 2014). However, in each of these cases, the Plaintiff was never in pretrial detention or in a custodial setting prior to the act that led to the cause of action alleged. Thus, they are distinguishable on the facts, especially considering the holding in *Giraldo*. Thus, at the pleading stage, Plaintiff has sufficiently alleged a special relationship with Sheriff Martinez and the Court **DENIES** the Motion to dismiss the negligence claim and the negligent hiring, retention, and supervision claim.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss and **ORDERS** the following:

(1) Plaintiff's claims against Sheriff Martinez for deliberate indifference to serious medical needs, failure to train, and failure to supervise and discipline are **DISMISSED WITH PREJUDICE;**

(2) Plaintiff's *Monell* claim against the County is **DISMISSED WITH PREJUDICE**;

(3) The Motion to Dismiss Plaintiff's claim for negligence, negligent hiring, retention, and supervision against Sheriff Martinez is **DENIED**.

(4) Defendant **SHALL FILE** an answer to the Complaint within twenty-one (21) days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED**.

Dated: September 30, 2026

Honorable James E. Simmons Jr.
United States District Judge